UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HENRY SARPY, ET AL                               CIVIL ACTION

VERSUS                                           NO: 05-1860

ENERGEN RESOURCES, ET AL                         SECTION: "J"(5)

## ORDER AND REASONS

Before the Court is the **Motion to Remand and for Costs and Expenses** (Rec. Doc. 4) filed by plaintiffs. Defendants oppose the motion. The Court heard oral argument on the motion on Wednesday, July 20, 2005, after which it took the motion under advisement. Having considered the record, the memoranda and argument of counsel, and applicable law, the Court finds that plaintiffs' motion should be granted because defendants have not demonstrated that there is no possibility that plaintiffs can recover from the state defendants, as set forth more fully below.

## BACKGROUND

Plaintiffs allege in their state court petition that certain oil company defendants are liable to them for damages caused when

the oil companies improperly disposed of pollutants on plaintiffs' property.  Plaintiffs have further alleged that the State of Louisiana Department of Natural Resources ("DNR") and Department of Environment Quality ("DEQ")(hereinafter sometimes referred to as the "state defendants") are liable to them for the following:

> A.  Failure to ensure compliance with the applicable rules and regulations with regard to the disposal of petroleum contaminated soil, and exploration and production wastes;
>
> B.  Failure to examine and determine what wastes were actually placed in the pits;
>
> C.  Failure to ensure and/or monitor proper [sic] and check  waste disposal procedures for solid and hazardous wastes generated on the Petitioner's property;
>
> D.  Allowing the closure of a pit or pits containing unlawful amounts of contaminants in violation of DNR and DEQ standards.

Petition, ¶ 24.

The plaintiffs premise their allegations on Louisiana Revised Statute title 30, section 2011 <u>et seq.</u>, the DEQ enabling statute, particularly section 2012(A), which provides that "[t]he protection of the environment and public health requires timely and meaningful inspections of all facilities subject to the provisions of this Subtitle.  Inspections of such facilities are essential to assure compliance with the Subtitle and the

regulations issued pursuant thereto...." The plaintiffs contend that this provision, when read in conjunction with the rest of the subtitle, imposes a duty upon the state defendants to inspect all covered facilities, which includes their property. They further maintain that the state defendants failed to conduct any inspections, which resulted in the release of pollutants and contamination to their property.

Defendants removed this action on diversity grounds, contending that the state defendants were improperly joined because under state law, there is no possible theory upon which plaintiffs could recover from them. Defendants claim that it was within the state defendants' discretion to decide not to inspect plaintiffs' property, and it decided not to based upon policy (economic) considerations. Accordingly, defendants claim they the state defendants are entitled to discretionary function immunity pursuant to Louisiana Revised State 9:2798.1(B). In the alternative, even if the state defendants are not immune, defendants maintain that the state defendants owed no duty to the plaintiffs so plaintiffs' claims must fail the duty/risk analysis.

In contrast, plaintiffs argue that while Louisiana law vests the state defendants with discretion to determine how to conduct inspections, it does not give them discretion to simply not

3

conduct inspections.  Thus, they claim the state defendants committed operational negligence, which contributed to or caused plaintiffs' damages, when they failed to inspect plaintiffs' property as required by law.  Plaintiffs further contend that under the duty/risk analysis, Louisiana law does impose a duty upon the state defendants to refrain from the alleged operational negligence which caused their damages.[1]

## DISCUSSION

The issue in this case is whether the state defendants were improperly joined.  The removing party bears the burden of proving that joinder is improper.  Hart v. Bayer, 199 F.3d 239, 246 (5th Cir. 2000).  In evaluating improper joinder claims, courts must resolve all disputed questions of fact and all ambiguities in controlling state law in favor of the non-removing party.  Id.  Joinder is not improper if there is any possibility of recovery against a non-diverse defendant.  Id., citing Dodson v. Spiliada Maritime Corp., 951 F.2d 40 (5th Cir. 1992).  Accordingly, if there is any possibility that plaintiffs can recover from the state defendants under the allegations excerpted above, this matter must be remanded.  The Court considers in turn

---

[1] Plaintiffs' motion also suggests that remand was required due to a technical defect in the removal.  However, this argument appears to have stemmed from the misnomer of one of the defendants which has since been remedied.

the two bases that defendants contend establish that plaintiffs have no reasonable chance of recovery:  the claim that the state defendants are immune from this suit; and the claim that the state defendants owed no duty to plaintiffs.

*1.    Discretionary Function Immunity*

In Louisiana, the so-called "discretionary function" exception to tort liability provides that "[l]iability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform **their policymaking or discretionary acts** when such acts are within the course and scope of their lawful powers and duties."  La. Rev. Stat. 9:2798.1(B)(West 1997)(emphasis added). Accordingly, when the action of a state agency is challenged in tort, the question of whether the challenged action was discretionary or not is dispositive of whether the state agency is entitled to immunity.  In the case at bar, this issue boils down to whether or not the state defendants were required by law to inspect plaintiffs' property.  In conducting this inquiry, the Court must bear in mind the context in which the question is raised:  on a remand motion contesting a fraudulent or improper joinder allegation.  As set forth above, this means that defendants bear the burden of showing that Louisiana law precludes any reasonable possibility that the state defendants

had a duty to inspect plaintiffs' property, and that ambiguities in the controlling state law or supporting facts must be construed in plaintiffs' favor.

Under Louisiana law, the "powers **and duties**" of the Secretary of the DEQ explicitly include "to conduct inspections and investigations and enter facilities as provided in R.S. 30:2012." La. Rev. Stat. 30:2011(D)(13)(emphasis added). In turn, section 2012 requires "timely and meaningful inspections of **all facilities** subject to the provisions of this Subtitle." La. Rev. Stat. § 2012(A)(emphasis added). "'Facility'" means a pollution source or any public or private property or facility where an activity is conducted which is required to be regulated by this Subtitle...." This rather circular definition of facility requires one construing it to comb the subtitle for activities which are required to be regulated by it. However, section 2012 also requires "[a] monitoring inspection of all facilities operating with a permit issued pursuant to this Subtitle," which "shall be made at least once annually." La. Rev. Stat. 30:2012(D). While plaintiffs' petition does not specifically allege that the oil company defendants' operations on their property were conducted pursuant to a § 2012 permit, at oral argument, defendants did not contest the statement by plaintiffs' counsel that Exxon sought a permit from the state

6

defendants to close the pits on plaintiffs' property, and seemed to acknowledge to the Court that permits were issued for operations of the property in question.  If so, section 2012(D) arguably applies to plaintiffs' property, which would thus make it a "facility" encompassed in section 2012.  At any rate, defendants bear the burden of proving this is not the case, and they have not done so.[2]  And, as acknowledged by defendants, one other forum has already concluded that properties such as plaintiffs' may be considered a "facility" for purposes of the statute in issue.  See, Hebert v. Energen Resources Corp., et al, No. 05-541, (W.D. La. June 27, 2005)(Wilson, M.J.)(objection pending)(citing In re Mullins & Pritchrd, Inc., 549 So. 2d 872 (La. App. 1st Cir. 1989)).

    The Court recognizes that it is not patently clear under the Louisiana statutes that inspections were required, and that the case law on this point is sparse and unsettled.  However, at the risk of repetition, the Court observes that these ambiguities must be construed in plaintiffs' favor, and defendants have simply not demonstrated that there is no possibility that the state defendants are not immune from suit.  Accordingly,

---

[2]As pointed out by the Court at oral argument, the affidavits of agency employees submitted by defendants, which reflect the employees' legal conclusion that plaintiffs' property is not a facility for purposes of the statute, do not suffice to defeat plaintiffs' motion.

7

defendants' discretionary function argument does not save this suit from remand.

### 2. *Duty/Risk Analysis*

Defendants correctly note that even if the state defendants are not entitled to discretionary function immunity, "when liability is based on a public entity's alleged non-discretionary acts, liability will be judged under the traditional duty/risk analysis." Hardy v. Bowie, 744 So. 2d 606, 613 (La. 1999). Defendants further contend that plaintiffs' claims against the state defendants cannot survive the duty/risk analysis, because the state defendants owed no duty to the plaintiffs, third parties to the relationship between the state defendants and the oil company defendants.  In so arguing, defendants rely on Williams v. Galliano, in which the Louisiana Supreme Court stated that "[e]ven assuming that the State, through the Department of Environmental Quality, has some duty to monitor landfills for compliance with permit regulations, that duty does not extend to third parties (especially where the third party's injury is unrelated to the regulation of environmental conditions)."  703 So. 2d 1283 (La. 1997)(citing Berry v. State, DHHR, 637 So. 2d 412 (La. 1994).  As pointed out by plaintiffs, the instant matter is distinguishable from Galliano because in this case, the plaintiffs' alleged injuries are directly related to the

regulation of environmental conditions, and in fact, plaintiffs allege that their injury resulted precisely from the state defendants' failure to follow such regulations.  Moreover, in Berry, the case relied upon in the Galliano holding, the Supreme Court specifically recognized that "governmental agencies in the performance of governmental functions may be subjected to the imposition of certain duties, the breach of which may result in liability for damages to those injured by a risk contemplated by that duty."  637 So. 2d at 414.  The Court went on to state that its role was to determine under the facts and circumstances of that particular case whether the state owed plaintiff a particular duty.  Id.  Thus, it appears that the Louisiana Supreme Court's position is that the existence of a duty is a policy question to be made on a fact-specific and case-by-case basis, and not to be resolved with a blanket rule that no duty exists toward third parties.  Id.  This was borne out more recently in Gregor v. Argenot Great Cent. Ins. Co., 851 So. 2d 959 (La. 2003), which found the Department of Health and Hospitals ("DHH") liable for the injury suffered by a third party due to the operational negligence of the DHH.  In that case, DHH regulations required a warning of the dangers of eating raw oysters to be posted at the point of sale for raw oysters.  Id. at 962.  A DHH inspector inspecting Pascal Manale's found

9

satisfactory the posting of a warning placard over the restaurant's oyster bar, without requiring that it be posted in another dining room, where a significant amount of raw oysters were purchased and consumed.  <u>Id.</u> at 967-68.  The Supreme Court found that this oversight was the result of the operational negligence of the DHH inspector in failing to enforce the statute requiring placards be posted at all points of sale.  <u>Id.</u> at 968.  Accordingly, the Court found the DHH liable for a portion of the damages stemming from the death of a Pascal Manale's customer who had ordered and consumed oysters in the dining room which lacked the placard.  <u>Id.</u>

Considering the foregoing, the undersigned concludes that in this case, the defendants have failed in their burden to show that there is no reasonable possibility that Louisiana law recognizes a duty on the part of the state defendants owed to these plaintiffs to prevent the harm they have alleged.  To the contrary, the Louisiana Supreme Court has found an agency liable to a third party for damages when the third party was injured due to the failure of an agency to enforce a statute, and that failure resulted in the precise injury the statute was designed to prevent.  Thus, on this point as well, defendants have failed to demonstrate there is no possibility of recovery by plaintiffs.  Accordingly, the state defendants are not improperly joined,

10

diversity jurisdiction is lacking, and this matter must be remanded.  28 U.S.C. § 1447.  Therefore,

**IT IS ORDERED** that pursuant to 28 U.S.C. § 1447, plaintiffs' **Motion to Remand and for Costs and Expenses** (Rec. Doc. 4) should be and is hereby **GRANTED IN PART**, and this matter is hereby **REMANDED** to the Civil District Court for the Parish of Orleans; no costs shall be imposed upon defendants.

New Orleans, Louisiana, this  22nd  day of July, 2005.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE